# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE PETERSON, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:17-CV-1040 |
| TIM BETTI, ET AL., | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### MAY 31, 2018

**I.     BACKGROUND**

Theodore Peterson initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding his confinement at the Lackawanna County Prison, Scranton, Pennsylvania.  Named as Defendants are Catering by Marlins, Inc., a company contracted to provide food service at the Lackawanna County Prison together with two of its employees Food Service Manager Ben O'Leary and Levi Castor.  Also named as Defendants are three employees of the Lackawanna County Prison:  Warden Tim Betti, Deputy Warden David Langan,  and Prison Rape Elimination Act (PREA) Coordinator Mari Finlon.

Plaintiff's claims stem from his contention that he was subjected to verbal and physical sexual harassment beginning in May 2015 by Levi Castor, a kitchen

employee. Peterson states that he reported the harassment on June 29, 2015 to Sergeant Scwalinski and Defendant Finlon. Defendant Castor's clearance to work in the prison was allegedly revoked later that same day after he was seen touching another inmate in a sexual manner.

Following service of the original complaint, separate motions to dismiss were filed by Defendants Betti, Langan and Finlon; O'Leary; and Catering by Marlins. Plaintiff responded to those motions with a motion seeking leave to submit an amended complaint. Peterson's motion was not accompanied by a proposed amended complaint.

On February 13, 2018, this Court issued an Order addressing the Defendants' respective motions and Peterson's request to file an amended complaint. *See* Doc. 35. The Order concluded that since *pro se* litigants must be afforded liberal treatment and Peterson's amended complaint could arguably cure any defects existing in the original complaint, the unopposed motion to amend should be granted.

Peterson was directed to file an amended complaint within twenty-one (21) days which was limited to claims directly related to the claims set forth in the original complaint; should state each claim he wished to pursue in a clear and concise manner; should identify all defendant[s]; and should specify the relief sought. Finally the Order forewarned Plaintiff that failure to submit an amended

complaint or otherwise respond to the Order within the relevant time period would result in dismissal of his action for failure to prosecute. *See id.*, p. 5.

## II. DISCUSSION

A review of the docket shows that since entry of the February 13, 2018 Order, Peterson has failed to make any filings with the Court. A copy of the Order mailed to Peterson has not been returned as undeliverable. A proposed amended complaint has not been submitted and Peterson has not requested additional time in which to file an amended complaint. Peterson has also not sought reconsideration of the February 13, 2018 Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. *See Azubuko v. Bell*

*National Organization*, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Third Circuit in *Poulis* set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir. 1994).

Although *Azubuko*, 243 Fed. Appx. at 729, recognizes a "balancing under *Poulis* is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the *Poulis* analysis should be undertaken. *See Hernandez v. Palakovich*, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (*Poulis* factors must be considered before dismissing a case as a sanction for failure to follow a court order).

Adequate grounds have been established here for the extreme sanction of dismissal. It is initially noted that even under the most generous treatment given to Peterson's Original Complaint, the arguments set forth in the Defendants' respective motions to dismiss appear to be meritorious. Second, it was Peterson himself who requested permission to amend. Furthermore, although Peterson has

been granted a reasonable period of time, he failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards set forth in *Azubuko* and *Poulis*.

An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge